COGBURN LAW
Jamie S. Cogburn, Esq.
Nevada Bar No. 8409
jsc@cogburncares.com
Erik W. Fox, Esq.
Nevada Bar No. 8804
ewf@cogburncares.com
2580 St. Rose Parkway, Suite 330
Henderson, Nevada 89074
Telephone: (702) 748-7777
Facsimile: (702) 966-3880
*Attorneys for Plaintiff*

# DISTRICT COURT

# CLARK COUNTY, NEVADA

| | |
|---|---|
| OFELIA MATEO FELARCA, an individual, | Case No.: |
| Plaintiff, | Dept. No.: |
| vs. | |
| PARALLON ENTERPRISES, LLC d/b/a PARALLON BUSINESS PERFORMANCE GROUP, a Foreign Limited-Liability Company, | **COMPLAINT** |
| Defendant. | |

Plaintiff, Ofelia Mateo Felarca (hereinafter "Plaintiff"), by and through counsel, Cogburn Law, hereby complains against Defendant as follows:

I. **PRELIMINARY STATEMENT**

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereinafter "FDCPA") and Nevada's adoption of the FDCPA pursuant to NRS 649.370, which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

II. **PARTIES**

2. Plaintiff is a natural person residing in Clark County, Nevada.

3.   Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(c).

4.   Upon information and belief, Parallon Enterprises, LLC d/b/a Parallon Business Performance Group (hereinafter "Parallon") is a Collection Agency engaged in the business of collecting debts by use of the mails and telephone, and regularly attempts to collect debts alleged to be due another.

5.   Upon information and belief, Parallon is a foreign entity licensed in the State of Tennessee and doing business in Nevada.

6.   Upon information and belief, Parallon is not registered with the State of Nevada as a collection agency or as a foreign collection agency.

7.   Parallon is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6) trying to collect a "debt" as defined by 15 U.S.C. § 1692a(5).

### III.   GENERAL ALLEGATIONS

8.   Plaintiff underwent treatment for injuries sustained in a motor vehicle accident on or about December 13, 2018.

9.   The above referenced treatment for the injuries occurred at Mountain View Hospital located in Clark County, Nevada.

10.   Prior to undergoing medical treatment, Plaintiff provided Mountain View Hospital with her valid health insurance.

11.   Mountain View Hospital retained the services of Parallon to seek collection on the full amount of the subject medical lien.

12.   Mountain View Hospital failed to bill Plaintiff's health insurance prior to asserting its rights under the medical lien.

13.   On or about May 15, 2019, Parallon faxed a notice to Plaintiff and her counsel indicating that $84,185.50 was demanded.

14. The $84,185.50 was the only amount listed on the Parallon notice, wherein the fields for health insurance payments were expressly left blank by Parallon after review of Plaintiff's account.

15. The May 15, 2019, Parallon notice expressly states, "[if] other sources of payment exist, we ask that such information be provided so that we may accurately calculate and assign responsibility for payment."

16. Parallon was already in possession of Plaintiff's health insurance information as was taken during the initial treatment of Plaintiff a year prior at Mountain View Hospital.

17. Despite being placed on notice of Plaintiff's health insurance, Parallon seeks collection of the full alleged medical charges in excess of $80,000, wherein Plaintiff's health insurance was not billed prior to seeking collection of the full amount of charges.

18. Parallon, on behalf of Mountain View Hospital, has and continues to collect an unlawful amount in violation and breach of Nevada's adoption of the FDCPA.

## IV. CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF

**(Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692)**

19. Plaintiff realleges and incorporates all preceding paragraphs above as if fully set out herein.

20. Nevada adopted the FDCPA pursuant to NRS 649.370, making violations of the FDCPA also violations of Nevada law.

21. Defendant was negligent and/or willful, rendering it liable for falsely mispresenting the character, amount and nature of the debt in violation of 1692e(a)(2)(A).

22. Defendant was negligent and/or willful, rendering it liable for attempting to collect an improper balance due, fees, interests and/or expenses not authorized or permitted by law, and in violation of 1692f(1).

23. The basis of that conduct is where Parallon, as a debt collector, sought collection of a hospital lien amount in violation of NRS 108.645(4) and NRS 449A.156.

24. Collectively, NRS 108.645(4) and NRS 449A.159 prohibit medical providers from perfecting a medical treatment services lien without first billing a patient's medical insurance.

25. Plaintiff had medical insurance on the date of treatment.

26. Plaintiff's medical insrunace was not billed by Mountain View Hospital prior to Parallon attempting debt collection by demanding full payment of the total medical charges without consideration for what Plaintiff's helath sinruance would have satisfied out of the charges.

27. Defendant's conduct was negligent or willful or both, rendering it liable for failing to cease collection of an alleged debt, and not providing proper verification of the debt to the prior to initiating a lawsuit, in violation of 1692g(b).

28. As a result of the foregoing violations, Defendant is liable for actual damages, including general damages and special damages in an amount to be proven at trial, but not less than up to $1,000 per violation, pursuant to 1692k(a)(1).

29. As a result of the foregoing violations, Defendant is liable for actual damages, including general damages and special damages in an amount to be proven at trial, but not less than up to $1,000 per violation, pursuant to 1692k(a)(2)(a).

30. As a result of the foregoing violations, Defendant is liable for costs and reasonable attorney fees pursuant to 1692k(a)(3).

31. Plaintiff hereby prays for actual damages under the FDCPA, and for statutory damages as set forth above for each and every violation of the Fair Debt Collection Practices Act proven at the trial of this case, and reasonable attorney fees and costs thereunder.

32. As a result, Plaintiff has experienced pain and suffering associated with physical injuries caused by the collision which has required medical treatment. These general damages are in excess of $15,000.00.

33. Plaintiff has been forced to retain the services of an attorney to represent her in this action and is, therefore, entitled to recover reasonable attorney fees and costs of litigation.

### SECOND CLAIM FOR RELIEF

**(Declaratory Judgment)**

34. Plaintiff realleges and incorporates all preceding paragraphs above as if fully set out herein.

35. A justiciable controversy has arisen and now exists between the parties concerning their respective rights and duties related to the application of NRS 108.645(4) and NRS 449A.159 as voiding the Moutain View Hospital medical lien.

36. Specfically, NRS 108.645(4) and NRS 449A.159 prohibit medical providers from perfecting a medical treatment services lien without first billing a patient's medical insurance.

37. Plaintiff asserts the Mountain View Medical lien is void pursuant to NRS 108.645(4) and NRS 449A.159 for failure to bill her health insurance prior to asserting a medical lien for the full alleged value of the medical treatment wihtout consideation for what offsets would have been paid by Plaintiff's health insruance.

38. The issue is ripe for judicial determination as Parallon seeks collection on the full alleged medical services amount in excess of $80,000.

39. Plaintiff asks this Court to determine the rights of the parties.

40. Plaintiff has been forced to retain the services of an attorney to represent her in this action and is, therefore, entitled to recover reasonable attorney fees and costs of litigation.

. . .

. . .

. . .

. . .

. . .

COGBURN LAW
2580 St. Rose Parkway, Suite 330, Henderson, Nevada 89074
Telephone: (702) 748-7777 | Facsimile: (702) 966-3880

## V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant, on all counts, for the following:

1. Declaratory judgment that Defendant's conduct violated the FDCPA;
2. Actual damages;
3. Statutory damages;
4. Punitive damages;
5. Costs and reasonable attorney fees; and
6. For such other and further relief as the Court may deem just and proper.

Dated this 4th day of January, 2021.

COGBURN LAW

By:   */s/Erik W. Fox*
Jamie S. Cogburn, Esq.
Nevada Bar No. 8409
Erik W. Fox, Esq.
Nevada Bar No. 8804
2580 St. Rose Parkway, Suite 330
Henderson, Nevada 89074
*Attorneys for Plaintiff*

**COGBURN LAW**
2580 St. Rose Parkway, Suite 330, Henderson, Nevada 89074
Telephone: (702) 748-7777 | Facsimile: (702) 966-3880